IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

NEIL M. NIREN, M.D.,

       Defendant.

Criminal No. 13-0171
ELECTRONICALLY FILED

**MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION (DOC. NO. 69)**

Niel M. Niren ("Defendant") pled guilty to filing a false tax return by failing to report all income from his medical practice, and was sentenced to a five-year term of probation. On June 29, 2016, Defendant moved this Court to terminate his probation early, and the Government quickly responded in opposition to his Motion. Doc. Nos. 69; 70. With just over half of his sentence complete, Defendant moves this Court to terminate his probation. After considering the factors of 18 U.S.C. Section 3553(a), the Court finds that terminating Defendant's probation early would not serve the interests of justice. Defendant's Motion is therefore **DENIED**.

### I. Sentencing Background

The advisory guideline range for Defendant's crime was 18-24 months in federal prison; however, out of concern for the patients and employees of Defendant's medical practice, this Court granted Defendant a downward departure from the advisory guidelines. Doc. No. 43. Defendant's sentence included restitution, fines, and a 5-year term of probation, beginning with a 9-month stay in a Community Confinement Center followed by 9 months of home detention. Doc. No. 37. After Defendant's first year on probation, he was required to perform 100 hours of annual community service. *Id*. Defendant has served 2 years and 7 months of his sentence, and

on numerous occasions the Court has modified the conditions of Defendant's probation to prevent undue hardship. Doc. Nos. 47; 55; 58; 62; 64; 68.

## II. Legal Standard

The sentencing court has the discretion to terminate a defendant's probation early if the defendant has served at least one year of his sentence and the termination will serve the interests of justice. 18 U.S.C. § 3564(c); s*ee United States v. Kay*, 283 Fed. App'x 944, 946-47 (3d Cir. 2008) (addressing the analogous issue when terminating supervised release). When ruling on a motion to terminate probation, a court must consider the Section 3553 sentencing factors: (1) the characteristics of the offense and the defendant; (2) whether the sentence reflects the seriousness of the offense, deters other criminal conduct, protects the public, and rehabilitates the defendant; (3) the other available sentences; (4) the sentences and applicable sentencing range for the defendant's crime; (5) pertinent policy statements provided by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). As always, the sentence imposed must be sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Id*.

Courts within the Third Circuit have reasoned that probation should be terminated early only when the defendant demonstrates exceptionally good behavior or changed circumstances. *See United States v. Laine*, 404 Fed. App'x 571 (3d Cir. 2010); *Caruso*, 241 F. Supp. 2d at 468-69; *but see United States v. Carter*, 2014 WL 2112723, *2 (W.D. Pa. May 20, 2014) ("[T]his Court does not conclude that its discretion is constrained to only those situations that are 'extraordinary' or 'exceptional.'"). Courts may consider changed circumstances or exceptional behavior when analyzing a motion for the early termination of probation, but this analysis has not been explicitly adopted as the governing standard. *Kay*, 283 Fed. App'x at 946. Yet the Court

of Appeals for the Third Circuit has determined that the early termination of probation should occur "only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *Laine*, 404 Fed. App'x at 573-74.

Ultimately, courts must consider the Section 3553(a) factors when ruling on a motion for the early termination of probation or supervised release. *See Kay*, 283 Fed App'x at 946-47; *Laine*, 404 Fed. App'x at n.2.

### III.     Discussion

The Court denies Defendant's Motion because Defendant's mere compliance with his sentence is not sufficient to warrant termination or reduction of his probationary term under Section 3553(a). This Court gave thoughtful consideration to Defendant's crime and personal characteristics, shaping his sentence accordingly. Defendant represents that he has complied with all conditions of this sentence and that he engaged in extensive community service. Doc. No. 69 at ¶¶ 5–9. While laudable, this conduct is not exceptional; it was ordered by this Court, and is expected. Defendant complains that his probation is no longer rehabilitative. *Id.* at 69. Even if this is true, rehabilitation is only one of the factors listed in Section 3553(a), and other considerations weigh against granting the Motion.

First, under 3553(a)(1)–(2), terminating Defendant's probation early would not reflect the characteristics of his offense or promote respect for the law. Defendant filed a false tax return, underreported his business receipts, and claimed over $120,000 in personal expenses as business expenditures. Defendant's crime was a serious violation of the law, and his punishment should be equally serious. Ending Defendant's sentence early would also send the wrong message to would-be offenders. Final sentences should not be terminated lightly.

Second, considering 3553(a)(3)–(4), Defendant's sentence was carefully selected from the various sentencing options available to the Court. Defendant could have spent two years in prison; he was sentenced to no prison term. This sentence of probation was already a downward departure from the guideline range, and there is no compelling reason for further leniency.

Third, granting Defendant's Motion would create a sentencing disparity which is undesirable under 3553(a)(6). Mere compliance with probationary terms will not typically justify the early termination of probation, and so other similarly situated defendants will not receive the same relief Defendant requests. As written in an earlier decision, this Defendant should not be treated differently because of his position in society compared to his fellow offenders. Doc. No. 43. This Court declines to create such a disparity.

Finally, Defendant's sentence continues to be sufficient, but not more than necessary, to accomplish the goals of sentencing. Defendant's probationary conditions have been modified several times to accommodate Defendant, who claims to be developing a revolutionary piece of medical technology. Doc. No. 68 at ¶ 10. This demonstrates that Defendant's sentence does not impose an insurmountable hardship on his vital medical research or practice. Defendant likely finds his probation to be unpleasant, but probation is not designed to be enjoyable - - it is a punishment in and of itself. This Court determined that a five-year probationary term was the appropriate punishment to fit Defendant's crime. It still is.

## IV. Conclusion

Defendant's compliance with his probationary conditions and performance of his Court-mandated community service are commendable, but not sufficient to justify a departure from the just sentence already imposed. Defendant's behavior is neither exceptional nor extraordinary,

and early termination would not serve the interests of justice under Section 3553(a). Therefore, Defendant's Motion is DENIED.

SO ORDERED, this 22nd day of July, 2016,


s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge